IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Enrique Cruz, individually and for a class, | ) ) ) |
| *Plaintiff*, | ) ) ) No. _____ |
| -*vs*- | ) ) |
| City of Chicago, Chicago Police Officer Jorge Meraz, #5988, Chicago Police Officer Josue Ortiz, #15448, and Chicago Police Lieutenant Nicola Zodo, #588, | ) *(Jury Demand)* ) ) ) ) ) |
| *Defendants*. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

2. Plaintiff Enrique Cruz is a Hispanic resident of the Northern District of Illinois.

3. Defendant City of Chicago is an Illinois municipal corporation.

4. Defendants Chicago Police Officer Jorge Meraz, #5988, Chicago Police Officer Josue Ortiz, #15448, and Chicago Police Lieutenant Nicola Zodo, #588, were at all relevant times acting under color of their offices as police officers of the City of Chicago.

5. On December 26, 2019, defendants Marez and Ortiz learned from a computer query that a warrant had been issued for the arrest of a person with the same name as plaintiff.

6. Acting on the results of the computer query, defendants Marez and Ortiz arrested plaintiff and transported him to a police station.

7. Chicago police officers held plaintiff overnight and transported him to appear before a judge of the Circuit Court of Cook County on December 27, 2019.

8. On December 26, 2019, before plaintiff appeared before a judge:

   (a) Defendants Marez and Ortiz learned that plaintiff was not the "Enrique Cruz" sought on the warrant; and

   (b) Defendant Zodo reviewed the decision of defendants Marez and Ortiz to detain plaintiff on the warrant and learned that plaintiff was not the "Enrique Cruz" sought on the warrant.

   Or, in the alternative,

   (c) Defendants Marez, Ortiz, and Zodo followed a widespread practice of the Chicago police department of failing to verify that a person identified in a computer query as having the same name as a person sought on a warrant was in fact the person sought on that warrant; and

   (d) Had defendants Marez, Ortiz, and Zodo attempted to verify that plaintiff was the "Enrique Cruz" sought in the warrant, they would have learned that plaintiff was not the person sought in the warrant.

9. The judge at plaintiff's initial appearance on December 27, 2019 immediately determined that plaintiff was not the person sought in the warrant and ordered his release.

10. For more than fifteen years, decisionmakers of the City of Chicago have known that the Chicago police department mistakenly holds many persons overnight awaiting a hearing on a warrant because of the City's deficient procedures to review and verify arrests made in reliance on the results of computer queries for outstanding warrants.

11. The City of Chicago has attempted to prevent these unreasonable detentions by adopting a written policy requiring the "station supervisor" to "verify that the arrestee and the person wanted on the warrant are the same person."

12. At all relevant times, decisionmakers of the City of Chicago have known that the above-described written policy is not followed and that there is a widespread practice within the Chicago police department of failing to verify that the arrestee and the person wanted on the warrant are the same person.

13. In the five-year period preceding the arrest of plaintiff, judges of the Circuit Court of Cook County found in more than 1,000 cases that a person arrested by Chicago police officers on a computer indication of an

outstanding warrant was not the person sought in the warrant and had been detained in error. More than 80% of these persons detained in error are persons of color.

14. Plaintiff brings this case individually and for a class of persons similarly situated who were arrested by Chicago police officers, held in custody at a police station awaiting a hearing on a warrant, and then released because the arrestee is not the person sought in the warrant.

15. As a result of the foregoing, plaintiff and those similarly situated were deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

16. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory damages be entered against defendants for plaintiff and those similarly situated and that the costs of this action, including fees and costs, be taxed against defendants.

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
JOEL A. FLAXMAN
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*attorneys for plaintiff*